IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV828

| | |
|---|---|
| ANDRE GILMORE, JR., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for summary judgment (# 14, 16). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be granted and the Commissioner's motion for summary judgment be denied.

**I.     Procedural Background**

On April 30, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Transcript of Administrative Record ("T.") 24.) Plaintiff alleged a disability onset date of July 15, 2011.[1] (T. 24.) The Social Security Administration denied Plaintiff's claim initially on July 8, 2013. (T. 24.) The claim was denied upon reconsideration on October 2, 2013. (T. 24.) On November 26, 2013, Plaintiff filed a written request for a hearing. (T. 24.)

On May 18, 2015 and August 10, 2015, an Administrative Law Judge ("ALJ") conducted

---

[1] At Plaintiff's hearing before the ALJ, he amended his alleged onset date to July 18, 2013. (T. 24.)

hearings in Charlotte, North Carolina.[2]  (T. 24.)  On September 25, 2015, the ALJ denied Plaintiff's claim in a written decision.  (T. 21-23, 24-35.)  Plaintiff requested a review of the ALJ's decision, and on October 3, 2016, the Appeals Council denied Plaintiff's request for review.  (T. 1.)

The ALJ's September 25, 2015, decision became the final decision of the Commissioner.  On December 2, 2016, Plaintiff filed the instant action seeking review of the Commissioner's final decision.  See Compl. (# 1).

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC").  20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

---

[2] Plaintiff appeared and testified at the hearing.  (T. 24.)  A vocational expert also appeared at the hearing.  (T. 24.)

the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

3

In his September 25, 2015, decision, the ALJ ultimately concluded that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 35.) In reaching this conclusion, the ALJ made the following specific findings:

(1) The claimant met the insured status requirements of the Social Security Act on December 31, 2014.

(2) The claimant did not engage in substantial gainful activity during the period from his amended alleged onset date of July 18, 2013, through his date last insured, December 31, 2014 (20 C.F.R. § 404.1571 et seq.).

(3) Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the knees, carpal tunnel syndrome, depression, and post-traumatic stress disorder (20 C.F.R. § 404.1520(c)).

(4) Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

(5) Through the date last insured, the claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that the claimant could occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant had to avoid concentrated exposure to hazards. The claimant could frequently, but not constantly, handle and finger bilaterally. The claimant was limited to simple, routine, repetitive tasks in a stable work environment at a nonproduction pace with occasional public contact. The claimant used a cane for ambulation and could carry objects with the non-cane hand.

(6) Through the date last insured, the claimant was unable to perform any past relevant work[3] (20 C.F.R. § 404.1565).

(7) The claimant was born on January 13, 1970, and he was 44 years old, which is defined as a younger individual age 18-49, on the date last insured (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a

---

[3] The ALJ found that Plaintiff had the following past relevant work: rural mail carrier, security guard, and residential counselor. (T. 33.)

4

finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Through the date last insured, considering the claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569, 404.1569(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, at any time from July 18, 2013, through December 31, 2014, the date last insured (20 C.F.R. § 404.1520(g)).

(T. 24-35.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

5

## V.  Discussion

### The ALJ failed to properly weigh Plaintiff's VA Disability Rating.

In his second and most compelling argument, Plaintiff argues that the ALJ committed legal error in the evaluation of his VA Disability Rating. Pl.'s Mem. Supp. (# 15) at 10-13. In particular, Plaintiff notes that the ALJ mentions the VA Disability Ratings, but he does not apply the standard applicable in the Fourth Circuit. Id. at 5. Plaintiff concludes that remand is warranted. Id. at 3.

Social Security Ruling ("SSR") 06-3p[4] is applicable to the evaluation of Plaintiff's VA Disability Rating. SSR 06-3p, in pertinent part, states:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> . . .
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, we are not bound by disability decisions by other governmental and nongovernmental agencies. . . However, the [ALJ] should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

2006 WL 2329939, at * 6-7.

In Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit Court of Appeals noted that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." Id. at 343 (citation and internal quotations omitted). The Fourth Circuit ultimately held that "a VA disability determination must be accorded substantial weight in Social Security disability proceedings." Id.

---

[4] SSR 06-03p was rescinded for claims filed on or after March 27, 2017. Robinson v. Berryhill, No. 1:16-CV-03628-DCN, 2018 WL 746540, at *3 n.2 (D. S.C. Feb. 7, 2018). Plaintiff filed his claim prior to March 27, 2017; thus, SSR 06-03p applies to this case.

at 345 (emphasis added). The Fourth Circuit further held that "an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. at 343.

In the instant case, the ALJ found as follows regarding Plaintiff's VA Disability Ratings:

> There are multiple disability ratings throughout the record as assigned by the Veteran's Administration. However, these ratings are given <u>little weight</u> as the ultimate issue of disability is reserved for the Commissioner, who is not bound by the disability determinations of other agencies, including the Veterans' Administration. SSR 96-5p.

(T. 33) (emphasis added).

As the ALJ's analysis reflects, he failed to comply with <u>Bird</u> by giving the VA Disability Ratings "substantial weight" or clearly explaining how "less weight" was appropriate. For this reason, the ALJ's decision must be remanded for further proceedings. See <u>Bird</u>, 699 F.3d at 341 n.1 ("Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance").

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 14) be GRANTED, and the Commissioner's motion for summary judgment (# 16) be DENIED.

Signed: March 6, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).